JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-2227-DOC (KESx)          Date: March 3, 2017

Title: JAMES BARRY HAWKINS V. BIOTRONIK, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18]; DENYING DEFENDANT'S MOTION TO TRANSFER [20]**

Before the Court are Plaintiff's Motion to Remand ("MTR") (Dkt. 18) and Defendant's Motion to Transfer ("MTT") (Dkt. 20). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties arguments, the Court GRANTS Plaintiff's Motion to Remand and DENIES AS MOOT Defendant's Motion to Transfer.

**I. Background**

     **A. Facts**

The Court adopts the facts as set out in Plaintiff's First Amended Complaint ("FAC") (Dkt. 1-3).

Plaintiff James "Barry" Hawkins ("Plaintiff") is citizen of California and a former employee of Defendant Biotronik, Inc. ("Biotronik"). FAC ¶ 1. Biotronik is a corporation

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-2227-DOC (KESx) | Date: March 3, 2017 |
| | Page 2 |

incorporated in Delaware with its principal place of business in Oregon. *Id*. ¶ 2. On July 31, 2013, Plaintiff relocated from Texas to California at the request of Biotronik for the position of Senior Sales Representative. *Id.* ¶¶ 7–8.

In May 2014, Biotronik retained the services of Defendant Tyrone E. Myles ("Myles") and his company, Keeping Pace, Inc. *Id.* ¶ 10. Myles is a citizen of California. *Id.* ¶ 3. In early 2015, "after the expiration of an initial 18 month commission guarantee," Myles, rather than Biotronik, began to pay Plaintiff's commission. *Id.* ¶¶ 11–12. However, Myles failed to pay Plaintiff the amount owed under Plaintiff's compensation plan. *Id.* ¶¶ 9, 11. Over the next year and a half, Plaintiff made multiple complaints regarding Biotronik and Myles' (collectively, "Defendants") failure to pay all earned commissions owed to Plaintiff. *Id.* ¶ 12. Ultimately, Biotronik fired Plaintiff on September 23, 2016. *Id.* ¶ 14.

## B.     Procedural History

Plaintiff filed suit in the Superior Court for the County of Orange on October 6, 2016 against Biotronik. Not. of Removal (Dkt. 1) ¶ 2. Biotronik removed the action to federal court on November 7, 2016. *Id.* ¶ 4. Plaintiff dismissed the suit on November 17, 2016, *see* Not. of Dismissal (Dkt. 1-2), and refiled the suit in the Superior Court for the County of Orange on November 23, 2016, adding Myles as a defendant. *See generally* FAC. Biotronik again removed the action, invoking diversity jurisdiction, on December 20, 2016 (Dkt. 1).

Plaintiff brings the following claims against Defendants: (1) violations of the California Labor Code § 200 *et seq.*, (2) wrongful termination in violation of public policy, (3) interference with contract, (4) interference with prospective economic advantage, and (5) violation of the Business and Professions Code § 17200 *et seq.* ("UCL"). *See generally* FAC. Plaintiff filed the instant Motion to Remand on January 19, 2017. Bioktronik opposed on February 13, 2017 ("MTR Opposition") (Dkt. 25), and Plaintiff replied on February 17, 2017 (Dkt. 27).

Biotronik filed the instant Motion to Transfer on February 6, 2017. Plaintiff opposed on February 13, 2017 ("MTT Opposition") (Dkt. 24), and Biotronik replied on February 17, 2017 (Dkt. 28). Defendant Myles joined Biotronik's Motion to Transfer on February 16, 2017 (Dkt. 26).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-2227-DOC (KESx)                          Date: March 3, 2017
                                                                                                               Page 3

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. However,

> [r]emoval is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

*Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158–59 (C.D. Cal. 2009).

There is a "general presumption" that the inclusion of a defendant residing in the same state as the plaintiff is not for the sole purpose of defeating diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla*, 697 F. Supp. 2d at 1159 (citations omitted). Defendant must also show that, even if a plaintiff's claims do not meet the necessary pleading requirements at the time of removal, he "could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-2227-DOC (KESx)            Date: March 3, 2017
                                                                                            Page 4

not re-allege at least one of them to do so." *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *4 (N.D. Cal. Apr. 1, 2013). Framed another way, "a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Rieger v. Wells Fargo Bank, Nat. Ass'n*, No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23, 2013) (citation omitted). "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.*

## III. Analysis

### A. Sequence of Motions

Biotronik requests that the Court rule on Biotronik's Motion to Transfer before Plaintiff's Motion to Remand. MTR Opp'n at 13.

Prior to ruling on any substantive motion, district courts must resolve any outstanding questions regarding subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998) ("Without jurisdiction the court cannot proceed at all in any case. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (citation and internal quotation marks omitted)); *Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965) (holding subject matter jurisdiction must be found before the court reaches questions of venue). If jurisdiction is lacking, rendering a decision on the merits of a case is inappropriate. *See Steel Co.*, 523 U.S. at 94.

However, the Supreme Court has determined that a decision regarding whether to transfer a case, or dismiss for forum non conveniens, is not a decision on the merits. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435 (2007). It held that "a court need not resolve whether it has authority to adjudicate the cause . . . if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *See id.* at 425, 426–28. Therefore, district courts have discretion over whether to hear a motion to transfer prior to a motion to remand. *Burse v. Purdue Pharma Co.*, No. C-04-594 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004).

*Sinochem* did not address the proper order in which to adjudicate simultaneaously filed motions to transfer under rule 1404(a) and motions to remand. *See Bocock v. Medventure Tech. Corp.*, No. 4:13-CV-00108-SEB, 2013 WL 5328309, at *2 (S.D. Ind. Sept. 20, 2013) (noting that *Sinochem* only dealt with a motion to transfer out of the federal courts entirely, but not with a motion to transfer to a different federal court). Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to

Case 8:16-cv-02227-DOC-KES Document 33 Filed 03/03/17 Page 5 of 7 Page ID #:318

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-2227-DOC (KESx)                          Date: March 3, 2017
                                                                                                                                                                     Page 5

remand prior to, and/or to the exclusion of, the motion to transfer. *See, e.g.*, *Letbetter v. Local 514, Transp. Workers Union of Am.*, No. 14-CV-00125-TCK-FHM, 2014 WL 4403521, at *1 (N.D. Okla. Sept. 5, 2014) (finding "it prudent to rule on the Motion to Remand before considering the Motion to Transfer"); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1153 (N.D. Cal. 2009) (denying motion to remand based on lack of diversity before assessing motion to transfer); *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (finding that whether the court has jurisdiction is a preliminary issue that should be resolved at the outset); *Burse*, 2004 WL 1125055, at *1 (addressing transfer first, but acknowledging "an apparent practice within the Ninth Circuit for courts to rule on remand motions before deciding motions to transfer").

      Only in rare circumstances should motions to transfer be considered before motions to remand—for example, in multi-district litigation where the "judicial economy and consistency" of related cases will be aided by transfer within the federal system or where the case is related to bankruptcy and raises "difficult questions." *See, e.g.*, *Burse*, 2004 WL 1125055, at *1 (transferring the case because the motions required fact-intensive inquiry involving patent eligibility); *Pub. Employees' Ret. Sys. of Mississippi v. Stanley*, 605 F. Supp. 2d 1073, 1075 (C.D. Cal. 2009) (transferring to New York because plaintiff "recently filed . . . a complaint 'virtually identical to the Complaint in this action'"). Based on this Court's review of cases, such sequencing is the exception rather than the rule.

      In this case, assessing subject matter jurisdiction as a preliminary issue will not burden parties with additional discovery. *See Sinochem*, 549 U.S. at 436. Nor will this decision be particularly "difficult" in light of the parties' straightforward arguments regarding the California Labor Code. Further, this is not a novel issue of Oregon law such that transfer to Oregon is proper. Thus, efficiency will not be served by transferring the case prior to addressing the jurisdictional question.

      Accordingly, the Court will first address the Motion to Remand.

### B.    Motion to Remand

      Biotronik removed this action on the ground that Myles was a "sham" defendant even though it is undisputed that Myles is a California citizen. Not. of Removal ¶ 13. Under the fraudulent joinder doctrine, the joinder of a party will be considered a sham, and thus ignored for diversity purposes, if there is no possibility that a plaintiff could state a claim against that party. *See Rieger*, 2013 WL 1748045, at *3. Plaintiff moves to remand this action back to the Superior Court on the basis that Myles is a proper defendant whose presence destroys diversity. *See* MTR at 1.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 16-2227-DOC (KESx) | Date: March 3, 2017 |
| | Page 6 |

In order to meet its burden to establish removal jurisdiction, Biotronik must show that there is no possibility that Plaintiff can state any of his claims against Myles. Plaintiff's first cause of action against Myles is for failure to pay wages in violation of the California Labor Code. FAC ¶¶ 15–21. To properly state a claim for violation of the California Labor Code, an employer/employee relationship must exist. *See Naryan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir. 2010). The parties disagree as to whether Plaintiff was Myles's employee. *See* MTR at 8; MTR Opp'n at 6.

In *Martinez v. Combs*, 49 Cal. 4th 35 (2010), the California Supreme Court adopted the Industrial Welfare Commission's definition of "employer" as "a person who 'employs or exercises control over the wages, hours, or working conditions of any person.'" *Id.* at 59. Here, Plaintiff pleads that Defendants are joint employers and are both liable for violations of the California Labor Code. FAC ¶ 16. While Plaintiff's FAC does not explain why he believes Defendants are joint employers, Plaintiff does allege that Myles served as Plaintiff's supervisor and that Plaintiff's commissions were paid by Myles beginning in early 2015. *Id.* ¶¶ 10–11. This is sufficient to show that it is plausible that Plaintiff may be able to prove an employment relationship.

Biotronik disputes Plaintiff's contention that Myles was Plaintiff's supervisor by arguing that Biotronik, not Myles, terminated Plaintiff. MTR Opp'n at 7. Biotronik also contends that Plaintiff worked alongside Myles, not under him, and that Biotronik, not Myles, controlled Plaintiff's work. *Id.* at 7–8. However, "a person's status as an employee is a question of fact," and may only be "determined as a matter of law if all material facts are undisputed." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1009 (N.D. Cal. 2001). Although there may be a question as to whether an employment relationship does exist between Plaintiff and Myles, that question is resolved in Plaintiff's favor at the pleading stage. *See Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). Resolving the question in favor of Plaintiff weighs against a finding of federal jurisdiction because Myles *could* be liable under the Labor Code if an employment relationship exists.

In short, while Biotronik disputes the relevance and existence of certain facts, it falls short of demonstrating that it is absolutely impossible for Plaintiff to state a claim against Myles for violations of the California Labor Code. Although it appears that Plaintiff added Myles as a defendant in order to defeat diversity jurisdiction, joinder is fraudulent only "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-2227-DOC (KESx)　　　　　　　　　　　　　　　　Date: March 3, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7

Because the Court finds that Plaintiff can plausibly bring a claim for violations of the California Labor Code against Myles, the Court need not decide whether Plaintiff's other causes of actions are plausible as well because "a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Rieger*, 2013 WL 1748045, at *3.

The Court finds Myles was not fraudulently joined and REMANDS the case to state court. Because the Court lacks jurisdiction over this action, the Motion to Transfer is DENIED AS MOOT.

### C.　Attorney's Fees

Plaintiff requests the Court award him attorney's fees associated with bringing the instant Motion to Remand. MTR at 10. The federal removal statute allows the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Although the Court finds that Biotronik has not satisfied its burden of showing that Myles is a "sham" defendant, the Court concludes that Biotronik had an objectively reasonable basis for believing Plaintiff might be attempting to fraudulently defeat diversity. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."). Therefore, the Court denies Plaintiff's request for attorney's fees.

### IV.　Disposition

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand. This action is REMANDED to the Superior Court of California, County of Orange. The Court DENIES Plaintiff's request for attorney's fees and costs associated with bringing the motion to remand. The Court DENIES AS MOOT Biotronik's Motion to Transfer.

The Clerk shall serve this minute order on the parties.